**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Martin Gomez Bajeca,

Petitioner,

v.

Eric Rokosky,

Respondent.

No. CV-26-10086-PHX-AMM

**ORDER**

Petitioner filed this action under 28 U.S.C. § 2241 challenging his immigration detention. (Doc. 1.) Petitioner states he was previously released from immigration detention, has resided in the United States for 22 years, and was re-detained in October 2026, without a pre-deprivation hearing or other due process. (*Id.* at 4–9.) Petitioner alleges the re-detention violates his Fifth Amendment rights and seeks release. (*Id.*)

The Court ordered Respondent to show cause why the Petition should not be granted. (Doc. 3.) In the Response, Respondent states: "Petitioner is entitled to a bond hearing pursuant to 8 U.S.C. § 1226(a) and *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160 (9th Cir. 2026), and therefore Respondent does not oppose Petitioner's request for a bond hearing." (Doc. 5.)

Because Respondent does not address the issue of whether Petitioner was entitled to a pre-deprivation hearing before being detained, the Court finds the argument waived. *See N-E-M-B v. Wamsley*, CV-25-00989-SI, 2025 WL 3527111, at *1 (D. Or. Dec. 9, 2025) ("Respondents do not challenge any aspect of the Petition on the merits and thus the Court

finds that Respondents have waived such challenges and conceded those aspects of the Petition."); *Soleimani v. Larose*, CV-25-03082-DMS-DEB, 2025 WL 3268412, at *3 (S.D. Cal. Nov. 24, 2025) (granting petition because, "[b]y failing to respond to the claims actually asserted, Respondents have conceded the claims").

The Court will therefore grant the Petition and order Petitioner's immediate release from custody. *Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("The typical remedy for [unlawful] detention is, of course, release."); *see also Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) ("[T]he traditional function of the writ is to secure release from illegal custody.").

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

Accordingly,

**IT IS ORDERED:**

(1) Petitioner's Petition for Writ of Habeas Corpus is **GRANTED** as to his request for release from custody. (Doc. 1.) The remainder of the Petition is **DENIED AS MOOT**.

(2) Respondent must immediately release Petitioner from custody under the same conditions that existed before his detention.

(3) Petitioner may file a notice of noncompliance if Respondent fails to release him from custody in accordance with this Order. Petitioner may file such notice within **three (3) days** of this Order.

(4) Absent a significant change in Petitioner's circumstances, Respondent and his agents are enjoined from re-detaining Petitioner without **seven (7) days** prior written notice and an opportunity for Petitioner to be heard by a neutral judge on the reasons for the re-detention and consideration of bond, at which hearing the government must bear the burden of demonstrating by clear and convincing evidence that Petitioner is likely to flee or pose a danger to the community if not detained.

(5) Any pending motions are denied as moot and the Clerk of Court must enter judgment in Petitioner's favor and close this case.

Dated this 11th day of November, 2026.

Honorable Angela M. Martinez
United States District Judge